ThR plaintiffs declared in case, on three counts, 1st, for 120I. had and received to their use; 2d, for 120I. laid out and expended for the defendant’s use; and 3d, for 120I. lent to the defendant, on the 23d November 1793.
The defendant pleaded n.071 assumpsit and payment, and that he was a certificated bankrupt.
It appeared in evidence, that the defendant gave his prom *524 issory note to the plaintiffs or order, on the 13th September 1785, for 225I. 8s. 4d. payable with interest in sixty days, who indorsed it to William Crammond on the 12th July 1786. One ton of bar iron amounting to 28I. was received by Cram-mond on the 2d December 1786, and indorsed on the note, and he was afterwards paid the sum of 1.08I. 8s. 8d. on account of the note, and then paid it over to John D. Blanchard, without indorsement.
The defendant committed an act of bankruptcy on the 14th June 1787, and on the next day, a commission issued against him, and on the 15th June he was declared a bankrupt by the commissioners.
Blanchard after the failure of the defendant, delivered the note to Reed and Eorde in payment of goods, and promised that if the plaintiffs should not take up the same, he would discharge it. Upon application to the plaintiffs, Reed and Eorde were desired to call on the assignees of the defendant and receive what dividends they could, and were promised the balance by the plaintiffs. In consequence hereof they received four different dividends from the assignees amounting to 38I. 12s. 3d., and afterwards brought a suit against Austin, one of the plaintiffs, and upon a recovery had against him in November 1793, Austin paid 116I. 15s. id. the balance of the debt and interest, and 14I. 11s. id. costs.
The present suit was commenced to recover over from the defendant, the monies which had been thus paid.
*5251 * insisted, that on their indorsing over -* the note, they ceased to be the creditors of the defendant. They had no legal security for a debt, which they could have proved at the time of his bankruptcy. They had parted with the evidence of their right. If the payee of a note pay the amount of it to an indorsee, after the bankruptcy of the maker, he may recover against the maker notwithstanding his bankruptcy and certificate. 4 Term. Rep. 714. (See the case ex parte Brymer cited 4 Term Rep. 715. Cook’s Bank. Law, 2d ed. 204.) A surety in a bond who pays the debt after a commission of bankruptcy issued against his principal, is not barred by the certificate, though the penalty of the bond was forfeited before. Where the cause of action, though it arises after ■ the bankruptcy, is founded on a pre-existing ground, it is not barred. Cowp. 525. Cook’s Bank. L. 1st ed. 154. Contingent debts cannot be proved under the stat. 7 Geo. 1, c. 31, and debts payable at a future day are not to be proved, unless they come within the statute. Cowp. 460. Bail, who had not paid the debt and costs until after the bankruptcy of the principal, though judgment on the bail bond was had before, are not barred by the certificate of the bankrupt, because until actual payment there was no damni-fication. 3 Wils. 17, 262. 2 Bl. Rep. 794.
*525 Eor tlie defendant it was urged, that tlie construction contended for by tlie adverse party, would effectually defeat the intentioii of the legislature in their act of 1785, “for the reg-“illation of bankruptcy.” Under the 24th section of that law, if a bankrupt shall be impleaded for any debt due before he became bankrupt, such bankrupt shall be discharged on common bail, and may plead that the cause of action did accrue before such time as he became a bankrupt. And by section 26, if any certificated bankrupt shall be taken in execution, on account of any debt owing before he became bankrupt, by reason of a judgment obtained before the allowance of his certificate, he shall be discharged by any judge of the court, wherein judgment was obtained. 2 Dall. St. Daws, 377) 378- The words cause of action in one of the British statutes of bankrupts, have been held to mean such a debt as is due, and owing, and payable in all events. 3 Wils. 271. The defendant’s liability on the present note to the payee, and the diffeient indorsees, is clearly within this description. Formerly a bankrupt was considered as a criminal, whose delinquency could be expiated only by paying the last farthing. But in more modern times, his interest has been in some measure provided for, and he is now rather viewed in the light of an unfortunate man. 4 Reeve’s E. E. 255. 2 Bl. Com. *477, 482. Bankrupt and insolvent laws are now construed favourably. 4 Burr. 2525, 6. L
A11 indorsee of a promissory note, payable three months after date, may be discharged under an insolvent act which takes place before the three months. Cowp. 22.
If the cause of action arise before bankruptcy, interest and costs accrued since are likewise discharged by stat. 12 Geo. 3> c. 47, § 2.
In mercantile life, the absolute necessity of the use of promissory notes and bills of exchange is well known. But under the plaintiff’s doctrine, no merchant who has passed such paper, can in case of subsequent misfortunes and failure, be exempted from arrests, nor his future property be protected, notwithstanding the fullest conformity to the bankrupt laws. An indorsee, or payee, may suffer judgment to go against him afterwards, and then recur to the unfortunate bankrupt.
If the plaintiffs had paid the monies for which they were liable, at any time anterior to the 14th June 1787, (which they were bound to do by the custom of merchants) it cannot be pretended, that they could have the most distant claim on the defendant. Shall they then take advantage of their own laches in not paying during the period of eleven months, according to the terms of their engagement? The ground on which it is insisted, that this demand is not protected by the defendant’s certificate, is, that the plaintiffs could not prove it under the commission. But it was in fact proved by .Reed *526 and Forde, and they received their full dividends by the direction of the plaintiffs. They may be considered as the agents of the plaintiffs in this particular. — The same advantage was derived to the plaintiffs, as if they themselves had the evidence of their right in their own possession, and had in person exhibited the note. They were credited with the dividends received, and only paid the balance to Reed and Forde. This material circumstance distinguishes the present case from all those cited by the plaintiffs.
Overruled in Austen v. Slough, 2 Yeates, 524.
Mr. M. Eevy pro quer.
Mr. J. B. M’Kean pro def.
The court thought the case a hard one on the defendant, and inclined under all the circumstances, to an opinion in his favour; but to settle the point on full reflection, they recommended that a verdict should be given for the plaintiffs, subject to future discussion, whether the debt and costs were recoverable by law from the defendant. This was at first acquiesced in b}' the defendant’s counsel, but the jury could not be prevailed on to give a verdict against the defendant. *5271 Whereupon the plaintiffs with*drew a juror, and J moved for a trial by special jury, which was granted them.