# Jones v. DeGraffenreid.

*Bill in Equity to establish and quiet title to Homestead Exemption.*

| 60 | 145 |
| 98 | 190 |
| 60 | 145 |
| 102 | 308 |
| 60 | 145 |
| 107 | 480 |
| 60 | 145 |
| 121 | 212 |

1. *Homestead exemption; allotment by commissioners, and re-allotment.*—When the defendant claims a homestead in lands on which an execution has been levied by the sheriff, who thereupon appoints commissioners to set apart and appraise the homestead (Rev. Code, §§2880-81), and neither party objects to the allotment made by them ; the defendant's title to the homestead so allotted becomes perfect, and it is not necessary that there should be a re-allotment as against *alias* executions.

2. *Same; when equity will remove cloud from title.*—A court of equity will entertain a bill to remove a cloud from the title to a homestead exemption, as against a purchaser at execution sale, when the owner of the homestead is in possession, and can not test his title by an action at law; but this principle has no application, where the purchaser at execution sale has already brought an action at law, and has recovered a judgment in ejectment for the lands claimed.

3. *Same; nature of estate, and in what court asserted.*—When a homestead exemption has been legally claimed and allotted, the title to it is legal, and may be asserted or defended successfully in a court of law; consequently, the owner can not come into equity to assert or protect it, without showing special circumstances for the interposition of equity.

4. *Conclusiveness of judgment in ejectment, and when equity will enjoin action.*—Authorities cited as to the conclusiveness of a judgment in ejectment, as between the same parties, on the same title, in subsequent actions; and as to the extreme cases in which a court of equity will, by injunction, stop further litigation; questions not necessary to be determined in this case. The statute (Code of 1876, § 2969) "at least shows that the right to bring ejectment between the same parties, on the same title, is not limited to one trial."

APPEAL from the Chancery Court of Greene.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 29th June, 1874, by E. T. DeGraffenreid, against James Jones ; and sought principally to establish and secure the complainant's right to a homestead exemption in certain lands, of which he had possession, against the claim of the defendant as a purchaser at sheriff's sale under execution against him. The complainant was, and alleged that he had been continuously since 1860, a citizen of said county, and the head of a family ; and he resided on a tract of land which he had owned, containing about eight hundred and eighty acres, being parts of sections seventeen (17), nineteen (19), twenty (20), and twenty-one (21), in township twenty-three (23), range one, west. In October, 1867, said James Jones recovered a judgment against complainant, in the Circuit Court of said county, for $9,274, on a

(10)

debt contracted in 1862; and the records having been destroyed by fire in 1868, the judgment was substituted in 1869, and an execution on the substituted judgment was regularly issued, and levied on the said tract of land, with two other executions, which were in the sheriff's hands at the same time. The complainant, defendant in execution, having claimed a homestead exemption in the lands, the sheriff appointed three commissioners to set apart and appraise the homestead; and they made their report in writing, dated February 11, 1870, in which they stated that, "having been duly sworn by the sheriff to divide and lay off said homestead fairly and impartially," they "proceeded to lay off the following lands, as a homestead for said E. T. DeGraffenreid, taking into consideration the improvements thereon: the west half of the north-west quarter, section twenty, and the west half of the south-west quarter, section seventeen, township twenty-three, range one, west." No sale was made under this execution, for want of time, and it was returned for an *alias*. An *alias* execution was issued, which went into the hands of a succeeding sheriff, on the 23d June, 1870, and was by him levied on the following lands: "the south half of section seventeen, the east half of the north-east quarter of section nineteen, and the north half of section twenty," in said township and range; and he made the following return on the execution: "The within lands were sold to James Jones according to law, on the day of sale, for $1.15 per acre, and terms complied with, October 24, 1870." Another execution was afterwards issued on said judgment, and went into the hands of a succeeding sheriff, by whom it was levied, April 3, 1872, on the following lands: "the west half of the north-west quarter, and the west half of the south-west quarter of section twenty-one," in said township and range; and in his return on the execution he stated, that he had sold the said lands, on the 6th May, 1872, to said James Jones, who became the purchaser at the price of $33.60, which was not enough to satisfy the costs. While this execution was in the hands of the sheriff, to-wit: on the 20th April, 1872, the defendant made an affidavit before a justice of the peace, and filed it with the sheriff, claiming the lands levied on as his homestead; but the claim was disregarded by the sheriff.

On the 31st May, 1872, said Jones brought a statutory action in the nature of ejectment, to recover the lands which he had bought at the sheriff's sales, which were described in the complaint as "the south half of section seventeen, the east half of the north-east quarter of section nineteen, the north half of section twenty, the west half of the north-west

quarter, and the west half of the south-west quarter of section twenty-one," in said township and range. At the April term, 1873, a motion was made by the defendant in execution to set aside both of the sheriff's sales; which motion was sustained and granted by the court, at its April term, 1874, as to the last sale, but overruled and refused as to the first, unless said defendant would refund the amount paid by said Jones on his purchase at that sale, which the defendant declined to do. At the same term, the complaint in the action at law was amended, by striking out the lands the sale of which had been set aside; and judgment by default was rendered for the plaintiff in that action, for the lands bought at the first sheriff's sale. A writ of possession was issued on this judgment, under which the sheriff notified the parties in possession of the lands to pay rent to said Jones; and another execution on his first judgment was issued, and levied on the one hundred and sixty acres of land which he had not recovered in his ejectment suit. This was the state of facts existing when the bill was filed.

The bill alleged, as grounds of equitable relief against these proceedings at law, that the first sheriff's sale was not in fact made on the day specified in the advertisement, nor was any public notice of its postponement made on that day; that it was made on a subsequent day, not authorized by law, and without any notice to the complainant, who had no knowledge of it until about one year afterwards; that he notified the sheriff of the homestead which had been allotted to him by the commissioners, and that he again claimed the same as his homestead; that the sheriff disregarded his claim of exemption, and sold the lands in disregard of his rights, and by collusion with the said Jones, who became the purchaser. The bill alleged, also, that the commissioners made a mistake in their allotment of the homestead, inserting the west half of the north-west quarter of section twenty, instead of the east half of the north-east quarter of section nineteen, which was in fact selected by him, and which the commissioners intended to allot to him; and the complainant stated in his bill that he selected this parcel as his homestead, if allowed to do so. The prayer of the bill was, that the court would " order and decree that the homestead which should have been duly allotted by appraisers appointed by said White as sheriff in October, 1870, shall be considered as duly allotted, and by proper decrees be secured for your orator as the head of a family; or, if that be not proper, that the allotment made by said commissioners be carried into effect, and be ratified and confirmed, and by proper decrees secured to your orator as the head of a fami-

ly; and that, if the mistake be true, it may be so reformed as to speak the truth of what was intended; and that the said allotment, as so reformed, be secured to your orator as the head of a family; and that said defendant be required to pay the damages, special or otherwise, as alleged and proved, including the costs in this cause; and that he be perpetually enjoined from enforcing said writ of possession, until a homestead shall have been duly allotted to your orator, and be required to pay the damages he has sustained, or which may accrue from enforcing said writ of possession; and that he be enjoined from selling and suing for said one hundred and sixty acres of land now advertised to be sold, until a homestead has been duly allotted to your orator; and, if necessary, that proper persons be appointed to allot said homestead, or to make partition between your orator and said defendant;" and the general prayer was added, for other and further relief.

The defendant answered the bill, admitting its allegations so far as consistent with the facts above stated, and denying the other allegations; denying that there was any fraud, collusion, or irregularity, in the sheriff's sale at which he purchased, and alleging that it was in all respects legal, regular, and valid; insisting that the complainant had repudiated and forfeited the allotment of a homestead made by the commissioners, by the inconsistent claim afterwards made by him; denying that the complainant was entitled to the exemption claimed in the bill, but declaring his willingness that a homestead might be allotted to him in section twenty-one, according to his claim and motion in the Circuit Court. He incorporated in his answer a demurrer to the bill for want of equity, because it showed that the right to claim a homestead exemption was forfeited and lost; because the complainant had an adequate remedy at law; because the complainant did not offer to do equity; and because the claim of homestead set up in the bill is not authorized by the laws now in force.

The chancellor overruled the demurrer, and held that the bill contained equity—that it might be regarded "as a bill to remove a cloud from the homestead exemption of the complainant, and, having effected this, to enjoin the defendant from molesting him in the quiet enjoyment of it;" and on final hearing, on pleadings and proof, he rendered a decree for the complainant, declaring that he was entitled to the homestead allotted to him by the commissioners—that no re-allotment was necessary, that the allotment was conclusive on both parties, and was not impaired or in any manner affected by the subsequent sheriff's sale; enjoining the de-

fendant from molesting the complainant in the quiet enjoyment of his homestead, and remitting the complainant to his action at law for damages. The overruling of the demurrer, and the final decree, are now assigned as error.

W. & J. WEBB, for appellant.—1. The complainant's remedy, if he had any, was at law. If the sheriff sold the homestead, after it had been legally claimed and set apart, without legal notice, and in collusion with the plaintiff in execution, it makes out a clear case of trespass and abuse of process. Hilliard on Torts, ch. 30, §§ 27–33; 6 Ala. 221. Or, the defendant in execution might have had the sale set aside, on motion, in the court from which it issued.—9 Porter, 679; 6 Ala. 221; 39 Ala. 131.

2. His homestead exemption, if he was entitled to any, has been lost and forfeited by his own laches and negligence, and a court of equity will not relieve him.—*Bell v. Davis*, 42 Ala. 460; 30 Ala. 225; 37 Ala. 390; 2 Story's Eq. Jur. 874; 17 Ala. 672.

3. The complainant does not show any right to a homestead exemption in the lands. In 1870, when the land was sold under execution, the Revised Code was the law governing exemptions.—*Miller v. Marx*, at the last term. That law, as contained in sections 2880–81, was repealed by ordinance in 1868, and was not restored by statute until 1877. He can not claim under the law of April, 1873, because it was passed after the sale; and that law repealed all exemption laws then existing. He can not claim under the constitution of 1868, because the judgment was founded on a debt created in 1862.

4. The bill was not filed to remove a cloud from the homestead exemption, or to enjoin the defendant from molesting him in its enjoyment; nor can it be sustained on that ground. *Daniel v. Stewart*, at the last term.

SNEDECOR & COCKRELL, and THOS. J. SEAY, *contra*.—1. The complainant's homestead was claimed and allotted to him in accordance with the provisions of the law existing in 1870, as contained in the Revised Code, §§ 2880–81. The constitution of 1868 applied only to exemptions against debts contracted after its adoption. The ordinance of 1868 was without legislative authority, if not unconstitutional.—*Plowman v. Thornton*, 52 Ala. 569. The repealing clause in the act of 1873 was not intended to take away rights of exemption which had been allowed and perfected, and such a construction can not be given to it—this would be the deprivation of vested rights,

2. No forfeiture or waiver of this homestead right appears on the face of the bill, and none is brought to light by the evidence. On the contrary, the complainant has been persistent and unremitting in the assertion of his rights; while they have been disregarded and ignored, in spite of his claims and protests, and he is driven into a court of equity, as a last resort, to prevent his actual ejection from the possession. In *Bell v. Davis*, 42 Ala. 460, the homestead was held to have been lost, because the defendant had failed to make any claim whatever; and, even to that extent, the case is a hard one, in depriving the wife and children of a home and shelter, and it ought not to be extended.

3. The jurisdiction of a court of equity, under the facts disclosed by the pleadings and proof, may be maintained on the ground of removing a cloud upon the title.—*Irwin v. Lewis*, 50 Miss. 363; *Harrington v. Utterback*, 57 Mo. 519; *Vogler v. Montgomery*, 54 Mo. 577; *Tucker v. Kenniston*, 47 N. H. 267; *Conklin v. Foster*, 57 Illinois, 104; 10 Iowa, 131; Smythe on Homesteads, § 442. The jurisdiction of equity, in a similar case, was upheld in *Andrews v. Melton*, 51 Ala. 400. The complainant is in actual possession of the homestead, and that gives him the right to file the bill. If he had successfully defended the action at law, the purchaser might have brought another action of ejectment; or he might sue out another execution, and again levy on the homestead.

STONE, J.—We agree with the chancellor, that there is nothing in this record which authorizes the reformation of the allotment of homestead, made by the commissioners. They selected and allotted the west half of the south-west quarter of section seventeen, and the west half of the north-west quarter of section twenty, township twenty-three, range one, west; and appellee's claim must be limited to those particular numbers of land. According to the testimony, they embrace the residence of DeGraffenreid, and most of the out-buildings. We think the allotment was sufficiently certain and definite, under sections 2880–81 of the Revised Code; the law which governed the claim at the time the homestead was set off.

We also agree with the chancellor that, this allotment having been made by commissioners duly appointed, when executions were in the hands of sheriff Cole, it was not necessary for DeGraffenreid again to assert his claim, or have a new allotment, when *alias* executions went into the hands of Cole's successor in office. The right to occupy, and to remain in undisturbed possession, was secured to DeGraffenreid by the allotment. No objection or exception

[Jones v. DeGraffenreid.]

to that allotment had been filed by any one, so far as we are informed; and it must be regarded as acquiesced in by De-Graffenreid, and by the execution creditors, in part deroga-tion of whose claims the assignment was made.

White, the successor in office of sheriff Cole, levied upon and sold seven hundred and twenty acres of land as the property of DeGraffenreid, including the lands which had been set off as homestead; Jones, the appellant, became the purchaser, and received the deed of the sheriff, conveying the lands to him. Jones brought his statutory action of ejectment against DeGraffenreid for the recovery of the lands, recovered in his suit, and, under a writ of possession, was put in possession of all the lands, except the homestead. This DeGraffenreid continued to occupy, by permission of Jones. The present bill was then filed, the chief object of which was to secure his homestead, and to be quieted in his possession. The bill avers most of the facts above stated, and the others are shown in the pleadings and proofs. No excuse is offered, or attempted to be given, why the action of ejectment was not defended at law.

2. One ground on which the equity of this bill is sought to be maintained is, to remove a cloud from the plaintiff's title; and the following authorities are relied on in support of this view: *Irwin v. Lewis,* 50 Miss. 363; *Vogler v. Mont-gomery,* 54 Mo. 577; *Harrington v. Utterback,* 57 Mo. 519; *Tucker v. Kenniston,* 47 N. H. 267. We do not gainsay the authority of these cases. But the principle, on which equity intervenes to remove a cloud, or impending cloud, from the title, is, that the party, being in possession, can not bring an action at law to establish his title, or to test its strength; and it is unreasonable that he shall be required to stand in suspense, until it suits the interest or caprice of his adver-sary to bring suit; his title, in the mean time, resting under distrust, while he is at all times liable to lose the benefit of important evidence, by the death of witnessess.—See *Rea v. Longstreet,* 54 Ala. 291. These reasons do not apply to the present suit, which was begun, not only after his adversary had commenced suit for the recovery of possession, but after that suit had been determined by a recovery of the premises. This bill can not be maintained on this ground.

3. Homestead, when legally and successfully claimed, is a legal seizin, and will maintain or defeat an action of eject-ment, as the case may be. The owner of such homestead has a complete and adequate remedy at law; and this, itself, is a full answer to a bill filed for its assertion, unless there be some special, equitable reason shown, why the powers of the Chancery Court should be invoked. None is shown in

this case. Neither is any reason averred or shown, why the Chancery Court should grant relief, in the nature of a new trial at law.—See 1 Brick. Dig. 666, § 376.

4. The action of ejectment stands on rather peculiar grounds, as to the conclusiveness of judgments rendered therein. As a general rule, many suits may be maintained for the same property, on the same title, and between the same parties; and a recovery in one or more suits will be no bar to a further suit. But this is mainly owing to the fictitious proceedings in which such suits are usually clothed. How far such suits and recoveries are evidence of the facts adjudged, binding on the parties in other litigation, we need not now determine.—See 2 Phil. Ev., Cow. & Hill's and Edw. Notes, 11; 2 Whar. Ev. § 765; Stark. Ev. by Sharswood, 111; *Doe v. Harlow,* 12 Ad. & El. 40; *Doe v. Thomas,* 1 Tyrwh. 410; *Bailey v. Fairplay,* 6 Bin. 450; *Rogers v. Haines,* 3 Greenl. 362; *Richardson v. Stewart,* 2 Serg. & R. 84; *White v. Kyle,* 1 Serg. & R. 515. And in some extreme cases, chancery will interpose by injunction, to put a stop to litigation; but the present case presents none of the features which justify such interposition.—High on Inj. §§ 53, 62, 63; Adams on Ejectment, by Til. 352, and notes; *Calhoun v. Druming,* 4 Dall. 120; *Cherry v. Robinson,* 1 Yeates, 525; *Eldridge v. Hill,* 2 Johns. Ch. 281; *Leighton v. Leighton,* 1 Pr. Wms. 671; *Earl of Bath v. Sherwin,* 1 Bro. P. C. 266; *Dearden v. Lord Byron,* 8 Price, 417; *Doe v. Huddart,* 2 C. M. & R. 316. See, also, *Pollard v. Baylor,* 6 Munf. 433.

Our statute (Code of 1876, § 2959) has rendered it unnecessary to employ the fictitious proceedings in actions of ejectment, and the suit between these parties was brought under that statute. To what extent, if any, that statute will affect the judgment as an instrument of evidence, the wants of this case do not require us to decide. Section 2969 does limit the number of suits in ejectment that may be brought "between the same parties, in which the same title is put in issue," when the judgments are in favor of the defendant. This, at least, shows that the right to bring the action of ejectment between the same parties, on the same title, is not limited to one trial.

The decree of the chancellor is reversed, and the bill here dismissed, at the cost of appellee, in this court and in the court below.