# Morgan *v.* Lehman, Durr & Co.

*Bill in Equity to vacate Judgments, Sale under Execution, and Sheriff's Deed to Purchaser.*

1. *Equitable relief against judgment.*—In the absence of allegations and proof of fraud, a court of equity will not take jurisdiction for the mere purpose of declaring void a judgment at law, which, its nullity being apparent on the record, may be set aside at any time by the court which rendered it.

2. *Removal of cloud on title to land.*—A party can not maintain a bill in equity to remove a cloud on his legal title to land, unless he is in possession, and therefore cannot assert his title in an action at law; and it must also be shown that he can not successfully defend at law, against the instrument of which he complains as a cloud on his title, without the aid of extrinsic evidence showing its invalidity.

3. *Equitable relief against judgment in ejectment.*—A defendant in ejectment, against whom a judgment has been rendered, can not obtain relief against it in equity, unless his title is equitable, or other special circumstances are shown which justify the interposition of equity; since he has a remedy by appeal for errors in the judgment, and, if dispossessed, may retry the title in a second action.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The facts are sufficiently set forth in the opinion of this court. On the final hearing of the case, the chancellor decreed that the complainant had a full and adequate remedy at law, and therefore dismissed her bill; and from this decree the present appeal is prosecuted.

J. M. WHITEHEAD, for appellant, cited *Johnson v. Smith,* 70 Ala. 108; *Shipman v. Furniss,* 69 Ala. 555; 57 Ala. 198; 56 Ala. 32; 55 Ala. 278; 44 Ala. 418; 34 Ala. 44.

J. C. RICHARDSON, *contra,* cited *Curry v. Peebles,* 83 Ala. 225; *Peebles v. Burns,* 72 Ala. 292; *Voorhees v. Bank,* 10 Peters, 472; *Bronson v. Schulten,* 104 U. S. 410; *Derr v. Wilson,* 84 Ky. 14; *Harris v. State,* 24 Neb. 807; *Brooks v. Brooks,* 97 N. C. 137; 12 Amer. & Eng. Encyc. of Law, 89; 2 Story's Eq. Pl., § 1570.

[Morgan v. Lehman, Durr & Co.]

CLOPTON, J.—The primary purposes of the bill, filed by appellant, are to have declared void a judgment rendered by the Circuit Court in a suit brought by Flexner & Lichten against complainant and her husband, condemning her statutory separate estate to the payment of a debt for articles for the comfort and support of the household; to set aside and vacate a sale of the land in controversy by the sheriff under a *venditioni exponas* issued on the judgment, and the sheriff's deed to Lehman, Durr & Co., who purchased the land at the sale; and incidentally, to have declared void a judgment of the Circuit Court on the contest of a claim of exemptions, and also, a judgment, with the writ of possession issued thereon, which Lehman, Durr & Co. recovered against her in an action of ejectment. The ground of relief is, the asserted invalidity of the judgments and other proceedings, and that they constitute a cloud on her title.

In the absence of allegations and proof of fraud, a court of chancery will not exercise jurisdiction for the mere purpose of declaring void a judgment rendered by the Circuit Court. When the nullity is apparent on the record, the court rendering a void judgment has ample power to vacate it, at any time, on the application of any party in interest.—*Baker v. Barcliff*, 76 Ala. 414.

The well established jurisdiction of courts of equity to remove a cloud from title, where the estate or interest is legal, will be exercised only when the remedies at law are inadequate. In the absence of circumstances showing the inadequacy of the legal remedy, the court will not interfere for the purpose of establishing the title to land, or quieting the possession, with the appropriate functions of a court of law. Hence the well settled rule, that the court will not interpose unless the party complaining is in possession, so that he can not obtain an adjudication of the apparent title of the adverse claimant in an action at law, and extrinsic evidence is necessary to show its invalidity. In *Rea v. Longstreet*, 54 Ala. 291, the true test, recognized by the authorities in this State, is stated as follows: "Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed. If the action would fall of its own weight, without proof in rebuttal, no occasion could arise for the equitable interposition of the court." The uniform decisions of this court have been that, when the deed, the party appealing to the court seeks to have cancelled is void

[Morgan v. Lehman, Durr & Co.]

on its face, or affords intrinsic evidence of its invalidity, or when the party claiming under it must, in order to establish his title in an action of ejectment, necessarily produce record evidence which shows its invalidity, no reason for equitable interference exists; for the reason that such deed is incapable of being used for the annoyance of the true owner, or the embarrassment of his title, at a time when the evidence showing its invalidity may not be available or as effectual. Accordingly, it has been held, that the court will not interfere to vacate a sale, and remove as a cloud on the title a conveyance of land by an administrator with the will annexed, purporting to be in execution of a discretionary power of sale vested in the executor, which does not pass to such administrator. *Mitchell v. Spence*, 62 Ala. 453. Also, that a sale of land by an administrator under an order of the Probate Court, which is void for want of jurisdiction, is not such a cloud on the title as will justify equitable interposition to set it aside.— *Tyson v. Brown*, 64 Ala. 244. The principle of the case last cited, that a deed under which the adverse claimant asserts title, purporting on its face to be made by authority of a void order or judgment of a court, affords no reason for the interference of a court of equity, was subsequently re-asserted in *Curry v. Peebles*, 83 Ala. 225.

The sheriff's deed to Lehman, Durr & Co. shows on its face that the land was sold under a *venditioni exponas* issued on the judgment in favor of Flexner & Lichten. In an action of ejectment, Lehman, Durr & Co. must necessarily produce the judgment and the *venditioni exponas*. If the nullity of the judgment is apparent on the record, its exhibition brings its own condemnation at law. A conveyance, derived from a sale under such judgment, would not constitute a *prima facie* title against complainant. The action of ejectment must fail, though complainant offered no evidence to show the invalidity of the deed, or to sustain her title. The bill avers no extrinsic facts showing the invalidity of either the judgment or the deed. According to its averments, if illegal and invalid, which we do not decide, the illegality and invalidity are disclosed on the face, and, if conceded to be void, create no cloud on the title of complainant.

It further appears from the bill that Lehman, Durr & Co. brought an action of ejectment against complainant to recover the land, and obtained judgment, upon which a writ of possession was issued. When the party asking relief is in possession, the ground on which the interference of equity rests is, that he can not resort to an action at law to test the validity of his adversary's title. When such resort can be had, equity

[Lehman, Durr & Co. v. Van Winkle & Co.]

will not interfere. Lehman, Durr & Co., being out of possession, brought their legal action, and gave complainant the opportunity of having their title, and also her own, adjudicated in the appropriate forum to try titles of land. After the rendition of an adverse judgment in such action, complainant can not appeal to a court of equity to re-try the titles, unless her own is equitable, and in consequence she can not set it up in a court of law, or there are special circumstances authorizing the interposition of equity. A court of chancery has no supervisory jurisdiction of the judgments of the Circuit Court. If the judgment was erroneous, complainant had her remedy by appeal; and if dispossessed under the writ of possession, she may bring an action at law, one judgment being, under the statute, not conclusive.—*Jones v. DeGraffenreid*, 60 Ala. 145.

Affirmed.