# Kelly v. Martin.

*Bill to remove cloud from title to land and to enjoin judgment at law.*

1. *Mortgage fully paid may be cancelled in equity as cloud on mortgagors title.*—Though Code § 1870, provides that the payment of a mortgage debt divests the title passing by the mortgage, a mortgagor of land, in possession, who has fully paid the debt, may maintain a bill in equity to have the payment established, and the mortgage cancelled, as a cloud on his title.

2. *Bill in equity by mortgagor to cancel fully paid mortgage as cloud on title, and to enjoin judgment in ejectment predicated on the mortgage.* Where a bill is filed by a mortgagor to cancel the mortgage as a cloud on his title, alleging that it was fully paid, and that the mortgagee had obtained a judgment by default for part of the land embraced in the mortgage, and other land not included therein, which action complainant (mortgagor) was prevented by sickness from defending, and seeking to enjoin the judgment, the bill is insufficient as to the land embraced in the mortgage and not sued for in the real action for the want of an allegation that complainant was in possession, and as to the land embraced in the mortgage and recovered in the real action the bill is insufficient in not averring facts showing that the judgment was obtained by fraud, accident or mistake, unmixed with negligence on complainants part—and as to the land not embraced in the mortgage but recovered in the real action, the bill is insufficient in the above particulars, and, also, as failing to show the existence of any meritorious defense

3. *Demurrer to bill as a whole on grounds good as to part of the bill only.*—Where in an action by a mortgagor against a mortgagee, the bill averred payment; that defendant, in a real action, recovered of complainant a certain part of the mortgaged land, described, and also a certain other eighty acre tract not embraced in the mortgage; that the judgment was by default; that complainant was "prevented by sickness from defending the suit" and the bill prayed a decree that the mortgage was a cloud on complainant's title, that it be delivered up for cancellation, and that an injunction be granted against the execution of the writ of possession issued on such judgment; such bill was good, as against a demurrer setting up only the adjudication in the real action as a bar, though defective in several particulars not specified in the demurrer, since the defense set up by such demurrer is good only to the lands recovered in the real action.

Appeal from the Chancery Court of Geneva.
Heard before the Hon. Jere N. Williams.

[Kelly v. Martin.]

The bill in this case was filed by the appellee, Sylvester Martin, against the appellant, M. W. Kelly.

The facts of the case are sufficiently stated in the opinion. The third ground of demurrer referred to therein in as follows : "Because the said bill prays for a writ of injunction to issue, and there is no affidavit attached to said bill that the allegations of the same are true and correct, as required by law." Upon the submission of the cause on the demurrers, the chancellor decreed that they were not well taken and overruled them. The respondent appeals from this decree, and assigns the same as error.

T. M. Espy for the appellant.

M. E. Milligan for the appellee.

HEAD, J.—This case stands upon demurrer to the bill. Notwithstanding section 1870 of the Code provides that, "The payment of a mortgage debt, whether the mortgage is of real or personal property, divests the title passing by the mortgage," we are of opinion that the mortgagor of lands, in possession, having fully paid the secured debt, though possibly denied the right of a bill to redeem, as such, is entitled to go into a court of equity and have the payment established and the mortgage delivered up and cancelled as a cloud upon his title. The payment resting in parol, the evidence of it may be readily lost by death, removal or failure of recollection of witnesses, or other causes, while the mortgage outstanding contains within itself enduring evidence, *prima facie*, that the legal title has passed to the mortgagee and still remains in him. It is manifest, therefore, that the mortgagor is subjected to the danger of the loss of his estate, unless some remedy is afforded him of establishing the payment, and withdrawing from the mortgagee the instrument of such possible loss with which he is armed. There is no other adequate remedy than a resort to a court of equity.—See *Rea v. Longstreet*, 54 Ala. 291 ; *Lehman v. Shook*, 69 Ala. 486; *Jones v. De-Graffenried*, 60 Ala. 145; *Morgan v. Lehman*, 92 Ala. 440.

In the present case the appellee, Sylvester Martin, executed a mortgage to appellant upon 160 acres of land, the subdivisions of which are given in the mortgage and

[Kelly v. Martin.]

in the bill. The bill avers payment of the secured debt. It also avers that subsequently the mortgagee, Kelly, recovered of complainant, in a real action, in a court of law, eighty acres of this land, described as the N. E. ¼ of the N. E. ¼ of Sec. 3, T. 2, R. 26, and S. E. ¼ of S. E. ¼ of Sec. 34 T. 3, R. 26, together with 80 acres of other lands not embraced in the mortgage, described as the S. ½ of the N. E. ¼ of Sec. 3, T. 2, R. 26. The judgment was by default, and the complainant avers that he was "prevented by sickness from defending the suit." The special relief prayed is that it be decreed that "said mortgage and said judgment are a cloud upon orator's title to said lands above described and sued for by respondent in said circuit court, and to order, adjudge and decree said mortgage and said judgment to be delivered up to this court for cancellation; and there is a prayer for an injunction against the execution of the writ of possession which complainant avers he is informed has been issued on said judgment but which has not been executed. The purposes of the bill may be, therefore, said to be two-fold; 1st, to remove a cloud cast by the mortgage upon the title of complainant to the 160 acres described in the mortgage; and, 2d, for relief and injunction against a judgment at law obtained by the defendant—the mortgagee—for the recovery of said lands and the other 80 acres not embraced in the mortgage, in an action to which complainant had a meritorious defense which he was prevented from making by fraud, accident or mistake, unmixed with negligence on his part. We will see how well the bill conforms to legal requirements, in the presentation of these grounds of equitable relief. It will be observed, upon reading the bill, that there is no special prayer for relief in respect of the 80 acres of land embraced in the mortgage, which were not sued for and recovered in the action at law. There is, however, a prayer for general relief, but no allegation that complainant is in possession of that 80 acres. The bill contains no allegation whatever in respect to that portion of the land recovered in the action at law, which was not embraced in the said mortgage, except that Kelly "filed his suit in the circuit court of Geneva county, Alabama, against orator to recover possession of the" (here describing all the lands sued for in that action) "under and by virtue of said mortgage;" and the

31

further averment that complainant never executed a mortgage on that portion of the land not embraced in the mortgage set out in the bill. It is not averred that complainant had any title to the lands, not embraced in the mortgage, except to say that he is still in the peaceable possession of the same, and has been for, towit, twenty-two years ; and no averment that he had any meritorious defense to their recovery in the action of ejectment.

We thus perceive that the bill is manifestly imperfect in several particulars : 1. As to the 80 acres embraced in the mortgage, and not sued for in the real action, and as to which, there being no special prayer for relief, a decree for the removal of the cloud cast upon its title might be obtained under the general prayer, there is wanting the necessary allegations that complainant is in possession. 2. As to the 80 acres embraced in the mortgage, and which were recovered in the real action, there is no sufficient averment of facts showing that the judgment was obtained by fraud, accident or mistake, unmixed with negligence on complainant's part. The allegation that complainant was prevented from making his defense by sickness, is manifestly insufficient.—*Pharr v. Reynolds,* 3 Ala. 521 ; *McBroom v. Somerville,* 3 Stew. 545. It does not appear by whose sickness the default was caused, nor are the nature and extent of the sickness averred ; and no reason shown why counsel was not retained to look after the defense and protect the interest of the complainant. There should be decidedly more of detail alleged, in reference to this sickness, than this bill avers, so that the chancellor can see upon the face of the bill, that the complainant was without fault. 3. As to the land not embraced in the mortgage, and which was sued for and recovered in the real action, the bill is not only subject to the criticism last named, but it is without equity; in that it does not allege the existence of any meritorious defense which complainant had, or could have made, to the real action. As to those lands there is no semblance of a case made by the bill.

But the demurrer is so framed that it does not reach either of these several imperfections. The grounds assigned (save the third, which is so clearly without merit as not to require notice) set up only the adjudication in the real action as an obstacle to the relief sought. The demur-

rer goes to the whole bill. If well taken, it defeats relief as to the 80 acres of land embraced in the mortgage which were not sued for in the real action, as well as to the other lands. As to that land, the bill (saving its defect, in failing to aver that complainant is in possession) contains equity. The defect of averment as to possession might, and probably would have been cured by amendment, if so much of the bill as relates to that land had been demurred to, pointing out the defect. Such an amendment being made, the bill would have been good in so far as it seeks to remove the cloud cast by the mortgage on those 80 acres. A demurrer, therefore, to the whole bill, defending upon grounds applicable alone to the lands which were recovered in the real action, must necessarily be overruled, without considering whether the attempted defense is good or not, if it had been properly interposed. Again, as to the 80 acres embraced in the mortgage, and which were recovered in the real action, the bill, as we have seen, alleges what it treats as a sufficient excuse for not defending the real action, and no objection is made by demurrer to the sufficiency of that excuse. It must, therefore, in the condition of the record, be deemed sufficient; and so considered the bill is good for relief in respect of that land, both for the purpose of removing the cloud cast by the mortgage and for relief against the judgment at law. The fact that the bill is entirely wanting in equity in so far as concerns the relief sought in respect to the lands not embraced in the mortgage, cannot impair the complainant's right to relief as to the other lands. It results that the real question which the demurrer sought to raise, and upon which, we doubt not, the merits of the case, in fact, depend, if the pleadings were in such shape as to properly present it, is not raised by the present record and we do not consider it. That question is, whether a successful real action at law for the recovery of the mortgage lands, in the absence of a sufficient excuse on the part of the mortgagor for not defending the action, is a bar to the relief sought by this bill. We merely cite upon the question, as seeming to be directly in point, the cases of *Jones v. deGraffenreid*, 60 Ala. 145, and *Morgan v. Lehman*, 92 Ala. 440. In connection with those cases, *Lehman v. Shook*, 69 Ala. 486, may be consulted. How far the principles announced by the chief

justice, in the latter case, are reconcilable with *Jones v. deGraffenreid*, and *Morgan v. Lehman*, *supra*, we do not now determine. With these views, we hold that the demurrer was properly overruled.

Affirmed.