[Boutwell *et. al.* v. Vandiver & Co.]

# Boutwell *et al. v.* Vandiver & Co.

*Bill in Equity for Cancellation of Mortgage.*

1. *Creditor having lien by execution can maintain bill to remove obstacle to enforce it.*—A creditor having a lien by execution may maintain a bill in a court of equity for the removal by cancellation, injunction or otherwise, of obstacles fraudulently created for the purpose of defeating the execution, which would prevent the sale of the property levied on at ·a fair valuation.

2. *Same; multifariousness of bill.*—Where a bill, filed by a judgment creditor upon whose judgment an execution had been issued and levied upon property belonging to his debtor, avers that prior to the recovery of the judgment the debtor executed a mortgage upon the property levied upon to a third party, to secure a note, that said note and mortgage had been paid, but that the defendant debtor had had the note and mortgage transferred to his wife, for the purpose of hindering, delaying the defrauding the complainant, and that the said wife had advertised the property for sale under the power contained in the mortgage, and then prays that the sale may be enjoined and the mortgage cancelled, but that if anything be found due on the martgage, that defendant be decreed to pay it, and upon their failure the property be sold and the proceeds applied, first to the mortgage and then to the judgment—such bill contains equity and is not multifarious.

3. *Same; same.*—The averments in such bill that the wife of the judgment debtor was wholly insolvent and without means to have purchased or paid for the mortgage, that the property is more than sufficient to discharge any unpaid balance due on said mortgage, and the further statement in said bill of mere legal conclusions as to what relief should be granted, are immaterial to the case made by the bill, and while such averments might properly be the subject of exceptions or motions to strike, they do not render the bill subject to demurrer directed expressly to them, segregating such averments from other parts of the pleading.

APPEAL from the Chancery Court of Butler.
Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellees, W. F. Vandiver & Co., against the appellants, Mary Boutwell and P. F. Boutwell. The averments of the bill are substantially as follows: On May 4, 1898, the complainants recovered a judgment against P. F. Boutwell, in the circuit court of Butler county. Execution was issued on this judgment and levied upon certain property. On March 24, 1894, prior to the recovery of the judgment of complainants, P. F. Boutwell executed a note to J. H. Davis and gave a mortgage to secure it on the real property levied upon under said execution. It was then averred that P. F. Boutwell had paid the mortgage and notes secured thereby and had the same transferred to his wife for the purpose of hindering, delaying and defrauding the complainants in collecting their judgment by the sale of said property conveyed in said mortgage; and that the said Mary Boutwell had advertised said property for sale under said mortgage as the assignee of the same.

The 5th and 6th paragraphs of the bill were as follows: 5. "That Mary Boutwell is utterly insolvent, and without the means to have purchased said mortgage, or to have paid the debt secured thereby. That if complainants are mistaken that said mortgage hath not been paid, but that Mary Boutwell has purchased the same, complainants allege that said property is more than sufficient on a proper sale under the orders of this honorable court to pay the amount due on said mortgage, and to pay complainants' judgment in part, if not in full."

6. "That the said Mary Boutwell should be restrained by an order of the honorable court from exercising the power of sale in said mortgage; that an account should be taken under said mortgage of whether in law as administered in this court, there is anything due to the said Mary Boutwell, as the assignee of said mortgage, and if it should be ascertained that there was anything due, the said property should be sold to pay said sum, and the residue should be applied to the payment of the judgment hereinbefore mentioned of complainants."

The prayer of the bill is sufficiently stated in the opinion. The defendants separately demurred to the bill assigning in various ways that the bill was multifari-

ous. To the 5th and 6th paragraphs of the bill the defendant, Mary Boutwell, demurred upon the following grounds: 1. It is sought by said sections of the bill to enforce in this case the said mortgage of defendant and the judgment of complainants, by a sale of the property described in the mortgage, and the proceeds of such sale applied first to the payment of said mortgage debt and the residue to the said judgment of complainants. 2. Complainants seek by said sections of the bill to foreclose this defendant's mortgage and also to enforce their said judgment, without averring any fact showing their right in this court to so enforce defendant's said mortgage in this court. 3. Complainants seek by said sections of the bill, as junior judgment holders, to enforce or foreclose this defendant's superior mortgage lien, and their said judgment, by a sale of the property in the mortgage, and the proceeds of such sale applied first to the payment of said mortgage indebtedness, and the residue to the payment of said judgment, while no fact is alleged in said sections or other parts of the bill, showing their right to enforce defendant's said superior mortgage. 4. It is sought by said sections of the bill to have this defendant's said mortgage foreclosed at the instance of complainants, who are alleged to be junior judgment or execution lien holders.

On the submission of the cause upon the demurrers the chancellor rendered a decree overruling them. From this decree the defendants appeal and assign the rendition thereof as error.

LANE & CRENSHAW, for appellant.—The bill fairly construed, seeks in a double aspect, to set aside a fraudulent transfer and subject the property to the payment of complainants' demand, and, in the alternative, to enforce the senior mortgage lien and the payment of their own demand. In this view, it is clear that the chancellor erred in overruling the several grounds of demurrer for multifariousness. But, if the bill be construed to have but a single purpose, that of enforcing the senior mortgage lien, and the demand of complainants, it is without equity, and the chancellor erred in over-

ruling the several grounds of demurrer interposed to reach that infirmity.—*Caldwell v. King,* 76 Ala. 154; *Seals v. Robinson,* 75 Ala. 368; *Mims v. Cobbs,* 110 Ala. 578; *Echols v. Orr,* 106 Ala. 237.

C. E. HAMILTON, *contra.*

SHARPE, J.—By the allegations of this bill it appears that complainants were judgment creditors of the defendant P. F. Boutwell, having within a year and after the return of *fieri facias* unsatisfied sued out a second execution and had it levied upon a fourth interest in certain real estate belonging to his debtor Boutwell. That long previous thereto a note with mortgage security upon the same property had been executed by Boutwell to one Davis, that Boutwell has paid this note and mortgage, and "has had the same transferred to his wife (Mary Boutwell) for the purpose of hindering, delaying and defrauding the complainants in collecting their said judgment by a sale of said property," and that Mary Boutwell has advertised the property for sale under the power expressed in the mortgage. It prays that the sale may be enjoined and the mortgage cancelled, and also that if anything is found due on the mortgage that defendants be decreed to pay it; and that upon their failure to do so the property be sold and the proceeds applied first to the mortgage and second to the judgment.

The defendants demurred separately to the whole bill, and those demurrers respectively are divided into four parts; but each demurrer in each of its parts assigns the single ground of multifariousness.

To render a bill multifarious as to subject matters there must be different grounds of suit alleged and each ground must be sufficient to sustain a bill.—14 Ency. Pl. & Pr. 197. The prayer must also be looked to in testing the character of the bill; but the prayer alone not supported by averments, though it be for alternative or different or inconsistent kinds of relief, does not make the bill multifarious.—*Florence Gas &c. Co. v. Hanby,* 101 Ala. 15; *McCarthy v. McCarthy,* 74 Ala. 546; *Rives Battle & Co. v. Walthall's Ex'rs,* 38 Ala. 329; *Yar-*

*borough's Admr. v. Avant,* 66 Ala. 526; 14 Ency. Pl. & Pr. 204.

The bill does not make a case for relief as from a transfer of property by P. F. Boutwell to hinder, delay or defraud complainant as a creditor. For that purpose unless the conveyance be purely voluntary it is necessary to show participation in the wrongful intent on the part of the grantee.—*Governor v. Campbell,* 17 Ala. 566; *Stover v. Herrington,* 7 Ala. 142; *Anderson v. Hooks,* 9 Ala. 704. And the facts from which the fraud arose must be shown; a mere general allegation that the transfer is made to hinder, delay and defraud creditors being insufficient.—*Jones v. Massey,* 79 Ala. 370; *Flewellen v. Crane,* 58 Ala. 627.

Such facts are not here shown. For all that appears the transfer of the mortgage to Mrs. Boutwell may have been before its alleged payment and she may have bought it for value and without any wrong intent and even prior to the existence of complainant's debt. The allegation that she "is utterly insolvent and without means to have purchased said mortgage" does not show that at the time of the transfer she did not have or obtain money wherewith to make the purchase.

However, a fraudulent use of the mortgage is here alleged in that it has been paid notwithstanding which fact Mrs. Boutwell as transferee is proceeding to effect a sale of the property under the power expressed in the mortgage.

Under our statute payment of the mortgage debt divests the title passing by the mortgage and vests it in the mortgagor. Thereafter he cannot come into equity to redeem, but it has been held that because the payment rests in parol leaving the title apparently outstanding by the mortgage, the mortgagor may in equity have it cancelled as a cloud upon his title.—*Kelly v. Martin,* 107 Ala. 479.

For a like reason the mortgage, though paid, is still a menace to complainants' lien acquired by the issue and levy of their execution; and especially in view of the threatened sale thereunder, it may seriously depreciate the price which might otherwise be obtained at execution sale.

[Boutwell *et. al.* v. Vandiver & Co.]

It is established that a creditor having a lien by execution may resort to equity for the removal of obstacles fraudulently employed to defeat an execution and which would prevent a sale at value thereunder.—*Planters & Mer. Bank v. Walker*, 7 Ala. 926; *Dargan v. Waring*, 11 Ala. 988; 3 Pom. Eq. § 1415.

Such is the jurisdiction invoked by this bill. The appropriate remedy is by a cancellation of the mortgage in aid of a specific lien rested by the levy upon the property covered by the mortgage and which complainants have the right to pursue.

The bill is not filed in a double aspect, there being no facts averred alternatively or otherwise upon which to base relief other than the cancellation of the mortgage. Prayers for relief having no bases in averments of fact, may be disregarded.—*Rives, Battle & Co. v. Walthall's Extrs., supra.*

For the reasons stated neither the demurrers to the whole bill nor that directed to a part upon the assumption that a fraudulent transfer of property was attempted to be shown, are well assigned.

The remaining demurrer is by Mary Boutwell alone and is directed to the fifth and sixth sections of the bill. Section six is a mere statement of legal conclusions as to what relief should be granted and section five contains no averment of fact except that Mrs. Boutwell is insolvent and without means to have purchased or paid the mortgage and that the property is more than sufficient to discharge any unpaid balance on it. Those facts are immaterial to the case made by the bill and may be subject to exception or motion to strike; but the demurrer segregating them from other parts of the pleading presents no issue of law for the court to determine, and there was no error in overruling it.

The decree appealed from will be affirmed at appellants cost.

Affirmed.