FAULKNER, Justice.
This is an appeal from an order of the trial court granting plaintiff’s motion for summary judgment in an action in ejectment. We affirm.
Defendant Lewey B. Stanton and her husband, Albert Stanton, were record owners of the small parcel of property which is the subject of this ejectment action. On or about October 6, 1967, Lewey B. Stanton and Albert J. Stanton executed a mortgage on the said property to Dothan Federal Savings & Loan Association in consideration of a loan made to Albert J. Stanton. Government National Mortgage Association (GNMA) has shown its claim of title commencing with the mortgage of Stantons to Dothan Federal Savings & Loan Association, the assignment of that mortgage from Dothan Federal Savings & Loan Association to W. B. Leedy and Company, the assignment of that mortgage from W. B. Leedy and Company to Federal National Mortgage Association, the assignment of that mortgage from Federal National Mortgage Association to Government National Mortgage Association, and the subsequent foreclosure of that mortgage by Government National Mortgage Association with the resulting recordation of the mortgage foreclosure deed from Albert J. Stanton and wife, Lewey B. Stanton to Government National Mortgage Association.
Albert J. Stanton died on February 3, 1968, and his legal heirs came into partial possession of the property. His legal heirs, the defendants in this case, are Mrs. Lewey B. Stanton, Dorothy Ann Stanton, Margaret Stanton, and Betty Spivey. The defendants have lived on the property since Albert’s death.
Upon defendants’ inability to repay the loan made to Albert Stanton and the lack of mortgage protection insurance covering Albert’s life, the plaintiff, GNMA, instituted foreclosure proceedings on the property and bought the property at the foreclosure sale. This is the third suit brought against defendants by the plaintiff.
Appellants contend the matters involved have been twice adjudicated in favor of defendants as provided in Tit. 7, § 959, Code of Ala. as recompiled 1958. (Code 1975, § 6-6-298). Suit was filed in this case in June, 1973, and judgment rendered December 4, 1978. Ala.Code, Tit. 7, § 959, 1940 (Recompiled 1958) states:
“§ 959. (7474) (3858) (1554) (2714) (2969) (2620) (2219) Two judgments bar further suit. — Two judgments in favor of the defendant in an action of ejectment, or in an action in the nature of an action of ejectment, between the same parties, in which the same title is put in issue, are a bar to any action for the recovery of the land, or any part thereof, between the same parties or their privies, founded on the same title; provided, however, the two trials were had upon the issue of not guilty.” (Emphasis added.)
The first judgment in question is Case No. 4928 in the Circuit Court of Covington County, Alabama, decided in September of 1972. The judgment states, “. . . the Plaintiff takes a non-suit on *294 account of the adverse ruling of the Court in sustaining objections of the Defendants to evidence sought to be adduced by the Plaintiff and the Plaintiff, in open Court on this date, gives notice of appeal of the cause to the Supreme Court of Alabama . . (Exhibit 2) This does not appear to be a judgment in favor of Mrs. Lewey B. Stanton and Dorothy Ann Stanton within the meaning of Tif. 7, § 959. Also, the issue of not guilty is not decided by the judgment as required by Tit. 7, § 959; therefore, the first judgment can not be counted as one of the two judgments required to bar the present suit.
The second judgment is Case No. 5377 in the Circuit Court of Covington County, Alabama, decided in 1973. The appellants’ exhibit 3 contains docket sheets of the case which appears to have been tried on a plea of abatement. The defendants Lewey B. Stanton, Margaret Stanton, and Dorothy Ann Stanton, prevailed in the case. Neither of the above judgments vested title to the property in the defendants or were had upon the issue of not guilty.
Appellants rely on Reynolds v. Henson, 277 Ala. 424, 171 So.2d 240 (1965), in saying the present action is barred by Tit. 7, § 959. That case said, “. . . for in our opinion, Code, § 959, Tit. 7, in modifying the common law, must have intended to limit two actions by an unsuccessful party in ejectment, rather than judgments in the same action, whereas the common law placed no limit upon such actions.” Appellants have not shown they come within Tit. 7, § 959 on which they try to rely because the previous cases do not meet the requirements of the statute. To bar an ejectment action under the statute the two previous unsuccessful actions must be of the kind described in the statute and in this case neither previous judgment qualifies.
Appellants contend the court erred in refusing to allow them to proceed in third party complaints against Dothan Federal Savings and Loan Association, because if they were successful, it would establish legal title to the property in them. The court struck all third party complaints since it was evident to the court that the third party complaints attempted to raise again the issue of mortgage term life insurance decided in Case No. 7429 in the Circuit Court of Covington County, Alabama in May, 1970. The court found in that case:
“Upon consideration of the evidence the Court finds that the Complainants bona fide believed that they had mortgage protection insurance to cover the mortgage loan described in the Bill of Complaint. The Court finds however that the Respondents or none of them acting by and through their agents attempted to secure or promised to secure mortgage protection insurance. The premium paid for insurance was paid as FHA mortgage insurance and was not mortgage protection or life insurance on the life of Albert J. Stanton.
“IT IS THEREFORE CONSIDERED, ORDER, ADJUDGED AND DECREED by the Court that the Complainants are not entitled to recover of the Respondents the remainder due under the mortgage described in the Bill of Complaint and that the temporary injunction heretofore issued in this cause should be dissolved and the Respondents allowed to proceed with their foreclosure proceedings if they see fit so to do.” (Exhibit 1)
Appellants contend they should be allowed to retry the issue of title in a second action and not be bound by the 1970 judgment. Appellants rely on Reynolds v. Henson, approving the holding in Morgan v. Lehman, Durr & Co., 92 Ala. 440, 9 So. 314 (1890), and interpreting it as saying, “we held that a defendant in ejectment against whom a judgment has been rendered has. a remedy by appeal for errors in the judgment and if dispossessed may retry the title in a second action.” But the judgment in Case No. 7429 was not in ejectment. It settled the mortgage insurance question and allowed foreclosure proceedings to pro *295 ceed. This resulted finally in a mortgage foreclosure deed to GNMA being executed after GNMA was high bidder at the foreclosure sale. Such a judgment as was rendered in Case No. 7429 is res judicata as far as the issue of mortgage term life insurance is concerned and the trial court acted properly in dismissing defendants’ defenses based on it.
Appellants claim the court erred in failing to allow defendants to plead and prove adverse possession. The court struck the defendants’ plea of adverse possession and defendants expressly objected to this.
Appellants attempt to rely on Code 1975, § 6-6-286 in their adverse possession claim which deals with assessing the value of improvements made to the land by the defendants and using that to offset any charges for rents or damages for detention claimed by the plaintiff. On August 24, 1978, GNMA amended its complaint so as not to seek monetary damages for the detention of the tract of land the plaintiff seeks to recover possession of. After losing their claim about the mortgage term -life insurance and soon after that on August 3, 1970, giving a mortgage to GNMA, the appellants had ample notice not to make any permanent improvements to the property.
Code 1975, § 6-6-286 states:
“(a) When an action is commenced to recover land or the possession thereof, the defendant may, at any time before the trial, suggest upon the record that he, and those whose possession he has, have, for three years next before the commencement of the action, had adverse possession thereof, which must be construed to mean the same character of possession as will put in operation the statute of limitations.”
The statute requires “three years next before the commencement of the action.” The mortgage foreclosure sale deed was executed on August 3, 1970, and suit in this case was filed on June 29,1973. This is less than the three years required by statute and therefore appellants can not rely on this statute to support their adverse possession claim.
AFFIRMED.
TORBERT, C. J., and ALMON, EMBRY and BEATTY, JJ., concur.