KILBOURN MANUF'G CO. (WOODMAN v.). See Case No. 17,978.

KILBRETH (ROBINSON v.). See Case No. 11,957.

KILEY, The THOMAS. See Cases Nos. 13,-924 and 13,925.

## Case No. 7,764.

### KILGOUR v. NEW ORLEANS GAS LIGHT CO. et al.

[2 Woods, 144.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1875.

PRACTICE IN EQUITY — REMEDY AT LAW — MULTIFARIOUSNESS—DEMURRER FOR WANT OF PARTIES —SERVICE ON NONRESIDENT — PERSONAL PROPERTY WITHIN DISTRICT.

1. A bill which charges that the defendant, through fraudulent practices, had secured the

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

transfer to his own name of shares of stock in an incorporated company, to which the complainant held the equitable title, and prayed that the complainant might be declared the owner of the stock, presents a good case for the intervention of a court of equity.

2. In such a case there is no adequate relief at law.

. 3. An alternative prayer does not necessarily make a bill multifarious.

[Cited in Lyons v. McCurdy (Ala.) 8 South. 53.]

4. If process is prayed against all the necessary parties to a bill, a demurrer to the bill for want of proper parties will not lie, on the ground that some have not been served.

5. Shares of stock in an incorporated company, held and claimed by a nonresident of the district within which the company has its domicile, cannot be considered "personal property within the district," so as to authorize the court in a suit in which plaintiff sets up title to the stock, to order the holder to be constructively served in the manner provided by section 738, Rev. St.

In equity. Heard on demurrer to the bill. The case was as follows: The bill was filed by complainant [Charles H. Kilgour], who is a citizen of Ohio, against the New Orleans Gas Light Company, Thomas L. Wibray and John M. Conway, citizens of Louisiana, and Henry Y. Attrill, a citizen of New York. It was alleged that the New Orleans Gas Light Company was a corporation existing as the result of a consolidation of two other incorporated companies of the state of Louisiana, united by virtue of the statutes of the state, to wit: the Crescent City Gas Light Company and the New Orleans Gas Light Company. The complainant alleged that from and after March 26, 1871, he had been the owner of 1,500 shares of stock in the latter company, of which the defendant Attrill was the president; that Attrill conspired and confederated with the defendant Wibray and certain other persons not named, to obtain control of the Crescent City Gas Light Company, and to defraud all the stockholders out of their stock. In pursuance of this conspiracy, he obtained a large amount of the stock. Through collusion with the directors of the company, he caused large assessments to be made upon the stock, amounting in the aggregate to seventy-six per cent. of all the capital stock; but they were never actually collected from the stockholders. For nonpayment of these assessments, which were fraudulent and unnecessary, the directors pretended to forfeit the stock of complainant, and the same was subscribed for by Attrill, who claimed, to have become the owner thereof. The assessments were part of the scheme by which to defraud the complainant and other stockholders of their stock, and to get the same into the possession of Attrill and his confederates. The bill further alleged that having obtained all, or nearly all of the stock by these fraudulent means, Attrill caused himself and the said defendant Wibray and others to be elected directors of the company, and himself to be elected president;

that Attrill and his confederates having thus obtained control of the Crescent City Gas Light Company, Attrill, claiming in fact to own all the stock, entered into a contract, dated March 29, 1875, authorized by an act of the legislature, for the consolidation and union of said company with the New Orleans Gas Light Company. By this contract, which was made an exhibit to the bill, it appeared that the stock of the consolidated company was stated to be three million, seven hundred and fifty thousand dollars paid up (37,500 shares), which might be increased to ten millions from the accumulated earnings of the company, invested in works or "plant" during the operation of the company, and such issues of new stock were to be distributed pro rata among the stockholders of the consolidated company. Of the 37,500 shares, twenty-five thousand were to be distributed pro rata among the stockholders of the New Orleans Gas Light Company. All the certificates of stock issued by the Crescent City Gas Light Company, being 30,000 shares, were to be considered annulled and canceled, and of no legal effect, and in no manner binding on the consolidated company, and in lieu thereof there were to be issued to Henry Y. Attrill, as representative of the stockholders of the Crescent City Gas Light Company, 12,500 shares of the paid up stock of the new consolidated New Orleans Gas Light Company. The claim of the bill was that the assessments made on the stock of complainant in the Crescent City Gas Light Company were fraudulent; that the alleged forfeiture of his stock, and the subscription therefor by Attrill, was fraudulent; that complainant continued to be and still was, the equitable owner of the stock, and was entitled to either 1,500 shares in the Crescent City Gas Light Company, if the consolidation of that company with the New Orleans Gas Light Company should be set aside, or to a proportionate number of shares in said latter company, if the consolidation of the two companies should be sustained. The averments of the bill touching the fraudulent practices of Attrill and his associates amounted to the allegation that the contract for consolidation was entered into without authority therefor from the Crescent City Gas Light Company, and is therefore void; but no such averment was distinctly made. The prayer of the bill was, that if the court was of opinion, and should decree that the contract of consolidation between the two companies was binding, in that case, that the complainant might be declared the rightful owner of 625 shares of the stock in the consolidated New Orleans Gas Company, that number being his proportionate share of the 12,500 shares allotted to the stockholders of the Crescent City Gas Light Company. But if it should be declared that on account of the fraudulent practices of Attrill and his associates, they were not

authorized to make said contract of consolidation on the part of the Crescent City Gas Light Company, and the contract of consolidation was therefore unauthorized and void, that in that event, the complainant might be declared to be the owner of his said fifteen hundred shares of stock in the Crescent City Gas Light Company. To this bill the New Orleans Gas Light Company filed a demurrer for want of equity. On this demurrer the case was argued and submitted.

F. C. Zacharie. Samuel R. Walker, and C. L. Walker, for complainant.

T. J. Semmes and Robert Mott, for the New Orleans Gas Light Company.

WOODS, Circuit Judge. The objections made to the bill in the argument were: 1. Want of equity. 2. Multifariousness. 3. Want of proper and necessary parties.

1. In my judgment, the bill has equity. Its averments bring it under the well known head of equity jurisprudence—fraud. The practices charged against Attrill and his associates make a strong case for the interposition of a court of equity. It is clear that there is no adequate remedy at law. A money judgment against Attrill for his fraudulent conversion of the stock of complainant would not give complainant the relief he wants. The purpose of the bill is the recovery of complainant's stock, of which he has been fraudulently dispossessed by Attrill, who claims title to it. Clearly, this result can only be reached by the decree of a court of equity. There may be defects in the frame of the bill which require amendment, but the case as stated seems to me to be clearly one of equitable cognizance.

2. The bill is not multifarious. "By multifariousness is meant the improperly joining in one bill distinct and independent matters, and thereby confounding them; as for example, by uniting in one bill several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." 1 Coop. Eq. Pl. 182; Saxton v. Davis, 18 Ves. 72. The single purpose of the complainant is to follow and recover the stock which he once held in the Crescent City Gas Light Company. If, in order to do this, it should be necessary to declare the consolidation between the Crescent City Gas Light Company and the New Orleans Gas Light Company void, it cannot be said that this would be joining distinct and independent matters. The only apparent ground for the charge that the bill is multifarious is found in its alternative prayer. This is not an objection to the bill. It often becomes necessary for the equity draftsman to frame the prayer of his bill in the alternative. 1 Story. Eq. Pl. § 42; Mitf. Eq. Pl. 67; Colton v. Ross, 2 Paige. 396; Lloyd v. Brewster, 4 Paige, 537; Adams, Eq. 508.

3. There appears to be no want of necessary parties. The only defect of parties alleged is in the fact, that Attrill, who is a citizen of New York, is not served with process. Nevertheless, he is made a party by the averments of the bill, and there is prayer for process against him. It is true he is not yet served, but that is no defect of the bill. Non constat but he may enter his appearance, or may be found in the district and served with process. That he is a necessary party is perfectly clear. The controversy raised by the bill is a controversy between him and the complainant over the ownership of the fifteen hundred shares of stock in the Crescent City Gas Light Company, or a proportionate number of shares in the New Orleans Gas Light Company. The latter company is a mere stakeholder, entirely indifferent where the stock goes. It follows that the case can make no progress until Attrill is brought in by service of some kind, or by his entering his voluntary appearance; but as he may be brought in by service or may enter a voluntary appearance, it would be premature to sustain a demurrer to the bill, because he is not already served. I am of opinion, therefore, that none of the grounds of demurrer are well taken, and that the demurrer must be overruled.

The complainant claims that Attrill may be brought in under section 738 of the Revised Statutes. This section declares: "When any defendant in a suit in equity to enforce any legal or equitable lien or claim against real or personal property within the district where the suit is brought is not an inhabitant of, nor found within the said district, and does not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant to appear, plead, answer or demur to the complainant's bill at a certain day therein to be designated, and the said order shall be served on such absent defendant, if practicable, wherever found, or when such personal service is not practicable, shall be published in such manner as the court may direct. If such absent defendant does not appear, etc., it shall be lawful for the court, upon proof of the service or publication of said order, etc., to entertain jurisdiction and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district. But the adjudication shall, as regards such absent defendant without appearance, affect his property within such district only."

It may be premature before motion is made for an order for constructive service as provided for in this section, to pass upon the question whether the present is a case to which this section applies, but as counsel have argued the question, I shall proceed to dispose of it. Constructive service can only be made in "a suit in equity to enforce any legal or equitable lien or claim against real

or personal property within the district." The case presented by the bill, if it falls within the section at all. is the case of a claim against personal property. If the property against which claim is set up is the 1500 shares in the Crescent City Gas Light Company, that stock is in the possession of Attrill who holds the legal title thereto according to the averments of the bill, and Attrill is in New York. Can these shares be said to be property within this district? From the fact that the property of the gas company is in this district, it does not follow that the shares of stock are in this district. The property of the company is mainly real estate; the shares of stock are personal property. "The possession of capital stock does not give a person a particle of legal interest in the corporation property. Though he possesses one-half the entire stock. he is not therefore the owner of one-half the corporate property. The corporation still owns it all. There is no divided ownership in the case. Possession of the stock merely entitles the holder to a right to vote, a right of dividend, a right to the faithful appropriation of the funds. These rights are very different from the right of property." Per Bradley, J., in Morgan v. Railroad Co. [Case No. 9.806]. When, therefore, Attrill became the holder of the shares claimed by complainant in the Crescent City Gas Light Company, and went to New York, he carried the property in the shares with him, for shares of stock in an incorporated company such as a canal, waterworks or gas company are, unless otherwise provided by the charter, personal property. Edwards v. Hall, 6 De Gex, M. & G. 74; Id., 35 Eng. Law & Eq. 433; Tippetts v. Walker, 4 Mass. 595; Bradley v. Holdsworth, 3 Mees. & W. 422; King v. Capper, 5 Price, 217; Johns v. Johns, 1 Ohio St. 351. And personal property follows the person. Morgan v. Parham, 16 Wall. [83 U. S.] 471. These shares considered as part of the stock of the Crescent City Gas Light Company cannot therefore be said to be property within this district. If these 1500 shares in the Crescent City Gas Light Company are to be considered as merged in the stock of the New Orleans Gas Light Company, the shares in the latter company are still the property of Attrill who holds the title to them, and follow his person to New York where he is. In the event that the consolidation of the two companies is confirmed, there is another obstacle to an order for constructive service. The claim of the complainant is not for any particular shares of stock that can be designated by number or identified as possessed by a particular person, but it is for 650 shares out of 12,500 shares. Clearly a claim to a given number of shares of stock. not yet designated or ascertained. cannot be said to be property within the meaning of section 738, Rev. St. The case provided for by the statute is a legal or equitable lien or claim on real or personal property. The right asserted by the complainant to undesignated shares of stock is a chose in action, but is neither real nor personal property, within the meaning of the statute. I am therefore of opinion that Attrill cannot be made a defendant to this suit by constructive service.