# Lyons & Co *v.* McCurdy.

*Bill in Equity by Partner, after Dissolution of Firm, for Injunction against Attaching Creditors of other Partner, Account of Partnership Transactions, Declaring Lien on Partnership Lands, and Foreclosure of Mortgage.*

1. *Alternative allegations or prayers.*—Alternative statements of fact in a bill, when repugnant and inconsistent, are ground of demurrer, whether contained in the original bill, or brought in by amendment; but alternative relief may be prayed, each alternative being consistent with the facts stated.

2. *Conveyance of land to partnership.*—When land is conveyed to a partnership by its firm name, the legal title vests, not in the partnership, but in the individual partners as tenants in common, charged with an equity to satisfy partnership wants—that is, for the pay-

ment of the partnership debts, and securing equalization of division between the partners.

3. *Specific performance of contract between late partners, by execution of deed; or, in alternative, statement of accounts, and lien declared for balance due.*—A partnership owning real estate at the time of its dissolution, and being indebted to one of the two partners individually, in satisfaction of which he accepts his co-partner's interest in the land, he may file a bill to enforce specific performance of the contract, as against attaching individual creditors of his co-partner, by the execution of a deed; and if he fails to prove the contract for his acceptance of the land in satisfaction of his debt, he may ask in the alternative and have a decree for a statement of the partnership accounts, and a lien declared on the land for the balance found due him.

4. *Same; foreclosure of assigned mortgage, introduced by amendment.* If the complainant pays off a mortgage on the land executed by his co-partner prior to the levy of the attachment, taking an assignment of it to himself, he may introduce these facts by amended bill, and ask a foreclosure of the mortgage.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The original bill in this case was filed on the 19th December, 1887, by Wm. D. McCurdy, against his late co-partner, J. W. Comer, W. H. Lyons & Co., and other individual creditors of said J. W. Comer; and sought (1) a decree requiring said Comer to execute to complainant a deed conveying his undivided interest in a tract of land which had belonged to the late firm of Comer & McCurdy, and (2) to enjoin the legal proceedings instituted by said individual creditors of Comer, who had levied attachments, and one of them an execution, on Comer's interest in the land. The bill alleged that the land was bought by the partnership, for partnership purposes, and the title taken in the firm name; that the partnership was dissolved in January, 1884, and all of its debts were paid, except a debt of $15,000 due to the complainant; that afterwards, but before any of the debts of the attaching creditors were created, Comer sold and transferred to complainant, in satisfaction of this debt, his undivided interest in said land, but executed no deed of conveyance; and that complainant had, since that time, been in the exclusive possession of the land. On these averments, the bill prayed that Comer " be decreed to execute and deliver to complainant a good and sufficient deed in and to his half interest in said land;" that the levies of the attachments and the execution on the land be set aside and held for naught, and the cloud on complainant's title created by them be removed; and that further proceedings in the actions at law be enjoined.

An amended bill was afterwards filed, which alleged that Comer, on the 11th January, 1886, without the knowledge or

[Lyons & Co. v. McCurdy.]

consent of complainant, executed a mortgage on said land to the Alabama National Bank, to secure the payment of a note for $4,600, which he owed to it; and that on the 13th January, 1887, the bank being about to foreclose said mortgage, complainant paid the note, and took an assignment of the note and mortgage to himself. The amended bill also added to the prayer for relief these words: "But, if complainant is mistaken in the right to have said Comer execute to him a title to one-half interest in said lot, as above prayed for, then he prays that an account may be taken as to what amount is due him for and on account of said partnership transactions; that it be referred to the register to state said account, and to report what is due to complainant; that the court will decree that he has a lien upon the interest of said Comer in and to said real estate, for such amount as may be ascertained to be due him by reason of said co-partnership, and that such lien is superior to that of the defendant creditors, and will order and decree that the interest of said Comer in said real estate be sold to satisfy said lien and decree; and that said mortgage, now the property of complainant, be ordered and decreed to be foreclosed, and the interest of said Comer in and to said real estate be sold to satisfy said mortgage, and for the benefit of this complainant."

The defendant creditors filed a joint demurrer to the bill as amended, assigning the following grounds of demurrer: (1) that said bill as amended is multifarious, joining distinct matters which have no connection with each other; (2) that these defendants have no interest in or connection with the mortgage sought to be foreclosed, and, on the theory of the original bill, would not be necessary or proper parties to a bill for foreclosure; (3) that the amendment is inconsistent with the original bill; (4) that the bill as amended is in the alternative, or in a double aspect, and the alternatives do not entitle the complainant to the same relief. The chancellor overruled the demurrer, and his decree is assigned as error.

LANE & WHITE, MOUNTJOY & TOMLINSON, CARROLL & CARROLL, and SMITH & LOWE, for appellants, cited *Caldwell v. King*, 76 Ala. 149; 3 Brick. Digest, 379, § 183.

R. H. PEARSON, and E. K. CARLISLE, *contra*, cited *Andrews v. Jones*, 68 Ala. 119; *Bridges v. Phillips*, 25 Ala. 136; *Larkins v. Biddle*, 21 Ala. 252; *Rapier v. Paper Co.*, 69 Ala. 476; Story's Eq. Pl., §§ 284, 271; *Toulmin v. Hamilton*, 7 Ala. 370; *Carter v. Balfour*, 19 Ala. 814; 5 Geo. 575.

CLOPTON, J.—The amended bill is not framed in a double aspect; the kind or degree of relief is not dependent upon the truth of one or the other of two alternatives. The original bill alleges, that complainant and defendant Comer were formerly partners under the firm name of Comer & McCurdy; that the land in controversy was partnership property, having been purchased by and for the firm, and the deed executed to them as partners; that the firm was dissolved in January, 1884, and, at the time of the dissolution, was indebted to the complainant in the sum of fifteen thousand dollars; that the partnership owed no other debts, and that Comer sold complainant the land in payment of the amount due him, and put him in possession, but had not executed a deed. The other defendants, who are individual creditors of Comer, in October, 1887, sued out attachments against him, and caused them to be levied on the land as his property, which suits are still pending, except one, in which judgment has been rendered, and an execution issued thereon levied upon the land by the sheriff, who has advertised the same for sale. The only additional facts averred in the amendment are: that Comer, without the knowledge of the complainant, executed in January, 1886, a mortgage on his interest in the land to the Alabama National Bank, to secure an individual debt of forty-six hundred dollars; and that complainant, in January, 1887, paid the amount due the bank, and took a transfer and assignment of the note and mortgage.

The special relief prayed for in the original bill is, that Comer be decreed to make complainant a sufficient deed to his one-half interest in the land; that the cloud, cast upon the title of complainant by the levies of the attachments and the execution, be removed; and that the plaintiffs in attachment be enjoined from proceeding further to subject the land to their demands. By the amendment, the prayer of the original bill is amended so as to ask, in the alternative, that an account of the partnership transactions be taken, the amount due complainant ascertained, and a lien for its payment be decreed; that the mortgage be foreclosed, and that Comer's interest be ordered to be sold for the payment of the amount ascertained to be due complainant, and the amount due on the mortgage.

It is apparent from this statement of the allegations and prayers of the original and amended bills, that the alternative character of the amended bill consists only in the alternative prayers. The cardinal rule, that alternatives, when repugnant and inconsistent, or when, either being true, the complainant is entitled to relief different in kind from that which would be granted were the other true, can not be introduced into a bill
VOL. XC.

[Lyons & Co. v. McCurdy.]

as originally framed, or by amendment, applies to the frame and structure of the stating part. The purpose is, to prevent the defendant being surprised or embarrassed in making defense, and to avoid the multiplicity of issues and consequent confusion which would result from uniting in one suit distinct causes of action founded on inconsistent states of facts. A different rule applies when the bill does not set forth alternative statements, but there are alternative prayers. Formerly, when bills in chancery contained only the prayer for general relief, any relief warranted by the facts stated in the bill and proved, would be granted; and since it has become the uniform practice to insert a special statement of relief, if the complainant mistakes in his special prayer the proper relief, it may be granted under the general prayer, if not repugnant to the special relief prayed, and consistent with the case made by the bill. On the same principle, it is well settled, that if the complainant doubts the specific relief to which he is entitled, he may frame his prayer in the alternative, so that if one kind is denied, another may be granted, the only requirement being that each kind shall be consistent with the case made by the bill. An alternative prayer does not, of itself, render a bill multifarious.—*Colton v. Ross,* 2 Paige, 396; s. c., 2 N. Y. Ch. Rep. 959; *Harden v. Boyd,* 113 U. S. 756; *Kilgour v. N. O. Gas Light Co.,* 2 Woods, 144; Mitford & Tyler's Eq. Pl. 65; 1 Daniell's Ch. Pr. 385.

In *Harden v. Boyd, supra,* the bill, which was brought by the representatives of a vendor of land by title-bond, alleged that the bond had been obtained by fraud, and also that the land had not been fully paid for according to the contract of sale. The original bill prayed specially, that the bond be cancelled, an account taken of the rents and profits, and that the title of complainant be quieted. The complainants were permitted to amend the prayer of the bill, so as to ask, in the alternative, for a decree for the unpaid purchase-mony, and a lien on the land for its payment. It was held that no error was committed in allowing the amendment. It is said: "Apart from the allegations in reference to fraud in obtaining the title-bond, the bill made a case of non-payment of the greater part of the purchase-money. To amend the prayer of the bill, so as to justify a decree consistent with that fact, did not make a new case, nor materially change the substance of the one actually presented by the bill and the proofs. It served only to enable the court to adapt its measure of relief to a case distinctly alleged and satisfactorily proved." We need not go to the extent of that case, as it probably extends the principles of equity pleadings farther than settled by our

decisions; but it illustrates the growing disposition of the courts to establish more liberal rules as to multifariousness. While it is true, that on the facts averred in the original bill, if proved, complainant is entitled to specific performance of the contract of sale, and a conveyance from Comer; the bill makes a case, independent of the allegations in respect to the contract of sale, of a dissolved co-partnership, owing a large sum to complainant, for which he has in equity a lien upon the land, superior to the lien of the individual creditors of the other partner subsequently acquired. For, though a conveyance of land to a partnership, in the firm name, vests the legal title in the individual partners, constituting them at law tenants in common, such title is charged with an equity, when the land is wanted to discharge partnership liabilities, or to obtain equalization among the partners.—*Powers v. Robinson, ante,* p. 225. The title being in Comer, complainant's right is equitable. It is well settled, that where the special prayer is for specific performance, and the complainant fails to establish a case entitling him to such relief, the court, under the general prayer, may declare and enforce the lien created by the contract, or by equity on the facts stated in the bill.—*Kirksey v. Means,* 42 Ala. 426; *Allen v. Young,* 88 Ala. 338; *Powell v. Higley, ante,* p. 103. If the allegations of the bill in reference to the contract of sale be not established, and all the other allegations be proved, the relief prayed for in the alternative would be warranted by the case made by the bill, and would not be repugnant to the relief specially prayed in the original bill, though it may differ in kind.—*Ragot v. Gaston,* L. C. 7 Ch. Div. 1.

The mortgage to the bank was properly introduced by amendment. It had a lien on the land superior to the lien of attachments, and had been assigned to complainant. All matters, in which the rights to the property in controversy are involved, should be brought before the court, in order that all their rights and claims may be fully and finally determined and adjudicated, and multiplicity of suits avoided. We may suggest, however, that no description of the mortgage being given, nor its contents stated, the averments as to the mortgage are insufficient to enable the court to determine whether or not complainant is entitled to a foreclosure, and that the person in whom the legal title is vested by the mortgage is a necessary party; but these defects are not assigned as causes of demurrer.

The attaching creditors are proper parties.—*Bridges v. Phillips,* 25 Ala. 136.

Affirmed.